PRESIDENT, DIRECTORS AND COMPANY OF THE AGRICULTURAL BANK *vs.* HENRY W. BISHOP.

The receipt from the principal debtor by the holder, at the maturity of a promissory note, of interest for sixty days on the unpaid balance, with an understanding between them, without the knowledge of the surety, that the principal may pay the note at the expiration of that time, will not discharge the surety, if unaccompanied by any agreement for extension of time, on which the principal debtor could have any remedy in law or equity against the creditor.

ACTION OF CONTRACT to recover the unpaid balance of a prom issory note for $200, payable to the plaintiffs, and signed by

M. S. Wilson as principal and the defendant as surety. The parties submitted the case to the decision of the court upon the following statement of facts:

" This was an accommodation note, discounted to the principal. He had, for two or three years previous to the making of the note, been accustomed to procure discounts at the bank, of similar notes, signed by various persons as his surety, to the number of three or four in each year. There was never any express agreement (unless it be inferred from the course of business) that these notes, including the one in suit, should not be paid at maturity ; but there was an understanding with the principal debtor, that he might pay said notes in instalments, at intervals of sixty or ninety days, with interest in advance on the balance remaining after the payment of each instalment; and accordingly he was accustomed to pay and did pay said notes in this manner.

" Pursuant to this understanding, and without any new arrangement or special agreement in relation to the note in suit, the principal debtor, when the note became due, paid to the bank the sum of $50 and interest on the balance of $150 for sixty days in advance, and repeated such payments twice, at intervals of sixty days, as appears by the indorsements on said note.

" The defendant had no notice of any such arrangement or course of dealing between the bank and the principal debtor, and no knowledge, until after these transactions were completed, that the note in suit was not paid at maturity, or was in course of liquidation by instalments in the manner above set forth."

*J. D. Colt*, for the plaintiffs.

*G. J. Tucker*, for the defendant. An agreement to delay payment or to extend credit to the principal debtor, without the consent of the surety, if proved, is a good defence. *Blackstone Bank* v. *Hill*, 10 Pick. 129. *Gifford* v. *Allen*, 3 Met. 255. *Oxford Bank* v. *Davis*, 8 Pick. 458. The receipt of interest in advance from the principal debtor, without the knowledge of the surety, and without reserving a right to sue, is evidence of such a contract, which will discharge the surety. *New Hampshire Savings*

*Bank* v. *Ela*, 11 N. H. 335. *New Hampshire Savings Bank* v. *Colcord*, 15 N. H. 119. *Austin* v. *Dorwin*, 21 Verm. 38. *Stowell* v. *Goodenow*, 31 Maine, 538. 1 Parsons on Con. 513, *note.*

MERRICK, J.[*] There is no doubt, that if the holder of a promissory note, by any contract which can be enforced at law or in equity, extends the time of payment beyond the day fixed by the note, without the consent of the surety, the latter is thereby discharged from all further liability upon it. *Greely* v. *Dow*, 2 Met. 176. But no such contract is disclosed by the facts to which the parties in this case have agreed. The understanding, which is said to have existed between the plaintiffs and the principal debtor before this note was made, very evidently constituted no part of the written contract. *Stackpole* v. *Arnold*, 11 Mass. 27. *Central Bank* v. *Willard*, 17 Pick. 150. The only circumstance relied upon to prove an agreement by the plaintiffs to extend the time of payment beyond the maturity of the note is the reception by them of interest for a fixed period in advance upon certain unpaid portions of the note. But this is not sufficient. In the case of *Oxford Bank* v. *Lewis*, 8 Pick. 458, and again in *Blackstone Bank* v. *Hill*, 10 Pick. 129, this point was directly determined. In both of them it was held, that the mere reception of interest in advance did not tie the hands of the creditor or prevent him from bringing an action upon the note at any time when he might think it to be necessary or for his interest to do so. *Judgment for the plaintiff.*

[*] DEWEY, J. did not sit in this case.